Weng v. Holder

BIA
Balasquide, IJ
A089 915 661

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand thirteen.

PRESENT:
        PETER W. HALL,
        DENNY CHIN,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

_____

JIA CHAO WENG,
        *Petitioner,*

        v.                              12-993
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Farah Loftus, Century City,
                       California.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; John S. Hogan, Senior
                       Litigation Counsel; David H.
                       Wetmore, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jia Chao Weng, a native and citizen of the People's Republic of China, seeks review of a February 27, 2012, decision of the BIA affirming the September 2, 2010, decision of Immigration Judge ("IJ") Javier E. Balasquide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Chao Weng*, No. A089 915 661 (B.I.A. Feb. 27, 2012), *aff'g* No. A089 915 661 (Immig. Ct. N.Y. City Sept. 2, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Weng's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. Here, the IJ reasonably based his adverse credibility determination on inconsistencies between Weng's testimony and both the testimony of his friend and his documentary evidence, including the following: (1) Weng's testimony that he arrived at church prior to his friend, though his friend testified that Weng arrived second; (2) Weng's testimony that his church service started fifteen minutes later than the time to which his friend testified; and (3) Weng's testimony that he visited the doctor on March 25, 2008, due

2

to vomiting caused by a cold, though his medical records reflect that he visited the doctor on March 27, 2008, for vomiting resulting from contaminated food.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with "*any* inconsistency or omission").  Moreover, the IJ reasonably rejected Weng's explanations for these inconsistencies, specifically that he was nervous and forgot minor details, because they did not explain how he gave detailed yet contradictory testimony.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Given these inconsistencies which call into question Weng's documentary evidence and his practice of Christianity, the totality of the circumstances supports the agency's adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.  Because the only evidence of a threat to Weng's life or freedom, or that he was likely to be tortured, depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

3